FILED
2004 JAN 30 P 4: 23
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EARL CRAIG and MARY GORE | : | |
| Plaintiffs | : | CASE NO. 302 CV 1630 (JBA) |
| v. | : | |
| COLONIAL PENN INSURANCE COMPANY | : | JANUARY 30, 2004 |
| Defendant | : | |

## LOCAL RULE 56(a) 1 STATEMENT

1. A fire occurred on August 2, 2000 at approximately 1:15 a.m. at 90-92 Miles Street in Bridgeport, Connecticut. (See Bridgeport Fire Department Incident Report, attached hereto as Exhibit A).

2. Robert Nattrass of ACACIA, the Fire Origin and Cause Expert disclosed by the defendant, concluded that the origin of the fire on August 2, 2000 was at the rear interior stairwell. (See Affidavit of Robert Nattrass attached hereto as Exhibit B).

3. Robert Nattrass concluded that an accelerant was used in the fire that occurred on August 2, 2000. (See Affidavit of Robert Nattrass attached hereto as Exhibit B).

FILED
2004 JAN 30 P 4: 22
U.S. DISTRICT COURT
NEW HAVEN, CONN.

4. Robert Nattrass ruled out all accidental sources of ignition and concluded that the fire that occurred on August 2, 2000 was intentionally set. (See Affidavit of Robert Nattrass, attached hereto as Exhibit B).

5. Marion Guzik, the defendant's expert concerning the damage which resulted from the fire, examined the premises and concluded that as a result of the fire that occurred on August 2, 2000, the structure was unsound and required demolition. (See Affidavit of Marion Guzik attached hereto as Exhibit C).

6. The only policy issued by Colonial Penn Insurance Company to the plaintiffs was policy no. 61404218 which incepted on August 3, 2000 at 12:01 a.m. (See Affidavit of Patti Tystad, with declaration page attached thereto, attached hereto as Exhibit D).

7. On August 4, 2000, a second fire occurred at 11:50 p.m. at 90-92 Miles Street in Bridgeport, Connecticut. (See Bridgeport Fire Department Incident Report, attached hereto as Exhibit E).

8. The August 4, 2000 fire was Incendiary. (See Affidavit of Robert Nattrass, attached hereto as Exhibit B).

9. Robert Nattrass, the defendant's expert, concluded that the fire occurring on August 4, 2000 originated on the front porch. (See Affidavit of Robert Nattrass, attached hereto as Exhibit B).

10. Robert Nattrass ruled out all accidental sources of ignition and concluded that the fire that occurred on August 4, 2000 was an intentional human act. (See Affidavit of Robert Nattrass, attached hereto as Exhibit B).

11. Robert Nattrass concluded that the August 4, 2000 fire was accelerated by gasoline. (See Affidavit of Robert Nattrass, attached hereto as Exhibit B).

12. Approximately, three weeks after the second fire, on August 28, 2000, the plaintiffs made a claim for the August 4, 2000 fire loss. The plaintiff did not advise Colonial Penn Insurance Company of the August 2, 2000 fire. (See Affidavit of Michael White, attached hereto as Exhibit I).

13. By order of the court, the plaintiffs have been precluded from further testifying with respect to any evidence or facts that have not been previously testified to in the Examinations Under Oaths or which was otherwise testified to under oath in this case. (See Transcript of Status Conference of December 16, 2003, pages 17-28, attached hereto as Exhibit F).

14. Earl Craig and Mary Gore did not reside at 90-92 Miles Street in Bridgeport, Connecticut after the first fire on August 2, 2000. (See Examination Under Oath of Earl Craig, page 71, paragraphs 7-25 and page 32, paragraphs 5-11 attached hereto as Exhibit G).

15. 90-92 Miles Street was unoccupied when the August 4, 2000 fire occurred. (See Bridgeport Fire Department Incident Report attached hereto as Exhibit E).

16. The plaintiffs knew that they could not obtain insurance on premises which had been previously destroyed by fire. (See Examination Under Oath of Earl Craig, page 106, paragraphs 9-11, attached hereto as Exhibit G).

17. As a result of the fire on August 2, 2000, the property at 90-92 Miles Street in Bridgeport, Connecticut suffered substantial structural damage and was a total loss. (See Affidavit of Marion Guzik, AIC, attached hereto as Exhibit C).

18. The Complaint in this matter was dated July 18, 2002 and Colonial Penn Insurance Company was served thereafter. (See plaintiffs' Complaint attached hereto as Exhibit H).

19. Mr. Lawson was present at the Examinations Under Oath of Mary Gore and Earl Craig. (See Affidavit of Mr. Lawson, attached hereto as Exhibit N).

20. The Examinations Under Oath of Mary Gore and Earl Craig did not disclose any evidence that Colonial Penn Insurance Company published any information in regards to the plaintiffs. (See Affidavit of Mr. Lawson, attached hereto as Exhibit N).

21. There was no testimony as to any facts given under oath at the Examinations Under Oath of Mary Gore and Earl Craig to support the allegations that Colonial Penn Insurance Company made any false representations to the plaintiffs. (See Affidavit of Mr. Lawson, attached hereto as Exhibit N).

22. There was no testimony as to any facts given under oath at the Examinations Under Oath of Mary Gore or Earl Craig to support the allegation that Colonial Penn Insurance Company caused the plaintiffs to suffer severe emotional distress. (See Affidavit of Mr. Lawson, attached hereto as Exhibit N).

DEFENDANT, COLONIAL PENN
INSURANCE COMPANY

By *Alyssa S. Vigue*
Alyssa S. Vigue
Skelley Rottner P.C.
P.O. Box 34089
Hartford, Connecticut 06134-0890
(860) 561-7077
Fed. Bar # ct25178

## CERTIFICATION

I hereby certify that a copy of the foregoing notice was mailed, via certified mail, on January 30, 2004, to the following counsel and pro se parties of record:

    Caleb M. Pilgrim, Esquire
    Law Offices of Attorney Caleb M. Pilgrim
    1404 Whalley Avenue
    New Haven, CT 06515


*Alyssa S. Vigue*
Alyssa S. Vigue