# EXHIBIT B

```
 1              UNITED STATES DISTRICT COURT

 2                DISTRICT OF CONNECTICUT

 3     *    *    *    *    *    *    *

 4   EARL CRAIG, ET AL                *

 5            Plaintiff,              * Case No 02cv1630(JBA)

 6         vs.                        *

 7   COLONIAL PENN, INS. CO.          *

 8            Defendant.              * DECEMBER 16, 2003

 9     *    *    *    *    *    *    *    *

10

11         TRANSCRIPT OF STATUS CONFERENCE

12

13   B E F O R E:

14         THE HON. JANET BOND ARTERTON, U.S.D.J

15

16

17   APPEARANCES:

18       FOR THE PLAINTIFF:
             CALEB PILGRIM, ESQ.
19           1404 Whalley Avenue
             New Haven, Ct. 06515
20
         FOR THE DEFENDANT:
21           SKELLEY ROTTNER
             P.O. Box 340890
22           Hartford, Ct. 06135-0890
             BY:  JOEL ROTTNER, ESQ
23
                                  Sharon Montini
24                         Official Court Reporter

25
```

1  the shortcomings of counsel I would hope not be
2  visited upon Mr. Craig.
3          THE COURT: I don't know whose
4  shortcomings they are. They are shortcomings on
5  the plaintiff's side of the table.
6          MR. PILGRIM: I would ask, your Honor,
7  that given the extensive deposition testimony which
8  was done over three days --
9          THE COURT: They can use the deposition
10 testimony in resisting summary judgment.
11         MR. PILGRIM: Sure.
12         THE COURT: But it seems to me that we've
13 got to get on with this. If that deposition
14 testimony or other extrinsic evidence can't be
15 shown that there is a triable issue, then why are
16 we -- why does this case remain? If they have it
17 in their depositions that they have given, that
18 testimony already to the defendant, fine, we'll
19 have that before us.
20         MR. PILGRIM: Your Honor, I guess if
21 there is -- perhaps they can be barred from
22 additional testimony, but --
23         THE COURT: That's what I'm planning to
24 do.
25         MR. PILGRIM: But that's -- I mean, I

```
 1    think that's the least harm that one could possibly
 2    do to the plaintiffs.
 3            THE COURT: Well --
 4            MR. ROTTNER: I appreciate that, and I'm
 5    not trying to seek something else at this time,
 6    your Honor, you're probably doing the best thing
 7    under difficult circumstances, but it doesn't
 8    totally solve the problems of the defendant because
 9    there are questions that relate to the testimony of
10    others where there are conflicts. But, I just
11    raise that. I raise that to put it on the table
12    because the offer -- excuse me, your Honor. I
13    thought I was going to be out of here by this time.
14            I guess that -- your Honor, I think I
15    know where your Honor is going, and if your Honor
16    would preclude that and any other affidavits or any
17    other testimony at trial, given the circumstances,
18    that's a reasonable --
19            THE COURT: I mean --
20            MR. ROTTNER: -- resolution.
21            THE COURT: If we take their three days
22    of testimony in which you've asked them questions,
23    and we take the inferences that can be drawn from
24    them most favorable to them on summary judgment,
25    that's the way I plan to do it.
```

1          MR. ROTTNER: Without any affidavits
2  adding additional facts.
3          THE COURT: It's the additional facts
4  that should have been in the responses to discovery
5  a long time ago, if there are additional facts.
6          MR. ROTTNER: Well, there is also
7  statements in the responses to interrogatories that
8  I think should be precluded as well.
9          THE COURT: Well, if they're signed under
10 oath.
11         MR. ROTTNER: But those I haven't had a
12 chance to inquire on.
13         MR. PILGRIM: I don't -- your Honor, I
14 don't see in terms of -- since we complied with the
15 interrogatories and the limited amount of materials
16 we have had, they have been --
17         MR. ROTTNER: Actually I don't think they
18 are signed under oath.
19         THE COURT: Then there is no issue.
20         MR. ROTTNER: We shouldn't have anything
21 in addition. Let me just take a look.
22         THE COURT: Anything they have signed
23 under oath in their compliance and their
24 statements, that may be taken into account because
25 that's the kind of testimony under Rule 56 that the

20

```
 1   Court can consider.
 2              MR. ROTTNER: Yeah, the answers that have
 3   been provided thus far have not been signed under
 4   oath, and if part of the order is there is no
 5   additional testimony or no additional affidavits,
 6   including --
 7              THE COURT: I think what we have tried to
 8   do is to accommodate the plaintiff's unfortunate
 9   situation.  I hardly expected to be at the latter
10   half of December of '03 on the same subject of
11   their depositions that pervaded this case
12   throughout.  Absent any steps by the plaintiffs to
13   come up with an alternative for prosecuting their
14   case, either by way of a protective order or some
15   other alternative, or statements under oath as to
16   why they can't comply as the defendants seek,
17   without having the defendants pay for them in some
18   way, it's just too late in the day.
19              I'm going to grant the motion to the
20   extent -- absent objection, absent timely
21   objection, and absent objection in any proper form,
22   plaintiff's testimony, beyond that which already is
23   a part of the proceedings between the two parties
24   under oath, won't be permitted, is precluded.
25              MR. ROTTNER: That includes the
```

```
 1   interrogatory responses, your Honor, which are not
 2   signed?
 3              THE COURT: I don't know whether they're
 4   signed or not. I said under oath.
 5              MR. ROTTNER: And I know your Honor has
 6   ruled and I am reluctant to go on, but I would
 7   state part of the problem with the interrogatory
 8   responses is they refer to defendants represented
 9   this or that as a basis for a claim without ever
10   identifying anybody, which is what's made it so
11   impossible to proceed, and therefore, the -- there
12   is some prejudice to the defendant by not getting
13   the deposition.
14              THE COURT: Well, you can't have it both
15   ways. I'm not going to dismiss the case because
16   there may be extrinsic evidence on the claims that
17   would entitle them to a judgment in their favor
18   even without their own testimony. So I'm not going
19   to dismiss the case for their failure to show up
20   for their depositions. If you need their
21   depositions in order to bring on a proper motion
22   for summary judgment and preclusion of their
23   additional testimony is not enough, then I suggest
24   that you propose an alternative, such as offering
25   them plane tickets up here and take their
```

1  deposition so that the cost can no longer be a
2  reason.
3              MR. ROTTNER: Well, your Honor, they were
4  here in June when we first started.
5              THE COURT: But you said you didn't want
6  to take the depositions then because you didn't
7  have your other documents.
8              MR. ROTTNER: I wouldn't have known to
9  ask "who do you represent".
10             THE COURT: I understand, but that's why
11 the fact that they were here in June is not as
12 availing because you didn't want to take their
13 deposition, and with good reason, but they didn't
14 refuse to sit for their deposition in June.
15             MR. ROTTNER: So, is the order now that
16 the testimony of the plaintiffs now in a trial is
17 limited to what exists on the record, either here
18 on the record or at the examinations under oath?
19             THE COURT: Yes, and if you need to
20 examine them to flesh out in a way that you think
21 creates undisputed facts certain allegations, or to
22 defend at trial that which they may have testified
23 about in their examination, and they won't come
24 back because -- now because they don't have the
25 wherewithal, the log jam can be broken with two

1  plane tickets or train tickets or bus tickets.
2              MR. ROTTNER: It puts the defendant in a
3  difficult situation.
4              THE COURT: I understand that.
5              MR. ROTTNER: Not of their own making.
6  If they can testify at trial that a defendant
7  represented they would investigate the plaintiffs'
8  claims properly and fairly, but failed to do so,
9  I'm trying to think of where that leaves me. You
10 know the next question is who.
11             THE COURT: But that could have been done
12 by written discovery as well, correct? Please
13 identify the person or persons you refer to in your
14 answers to interrogatory number such and such.
15             MR. ROTTNER: I might have done that as
16 subject of the earlier motions.
17             THE COURT: Then you have the answer to
18 your question. I think that this is -- you can't
19 have it both ways. You can preclude their further
20 testimony or you can get their further testimony.
21 I know that you -- what you want to do is bring on
22 a proper summary judgment motion or prepare
23 yourself to defend.
24             MR. ROTTNER: I want them here, is what I
25 really want. Just can you give me a minute?

1    THE COURT: There is some -- what is it,
2    Rule 1 of the Rules of Civil Procedure that we are
3    to construe the rules of court to provide for the
4    just and orderly disposition of disputes, or
5    something to that effect. This is my effort to do
6    that.
7    MR. ROTTNER: Well, I suppose your Honor
8    has ruled and that is the ruling of the Court. I'm
9    not going to ask for anything else.
10   THE COURT: You will need to excuse me
11   for a moment.
12   (Recess).
13   THE COURT: Mr. Rottner, have you had any
14   further reflections on how you wish to proceed? I
15   can see a messy summary judgment motion coming
16   otherwise.
17   MR. ROTTNER: You can see a messy summary
18   judgment. I think, your Honor, I can't agree to
19   paying to go down there without talking to my
20   client, and it's hard for me to make the decision
21   without going back over my notes as to what the
22   questions were that I had asked.
23   THE COURT: Well, I'll leave that to you.
24   I'm going to preclude their further testimony if
25   their deposition isn't taken.

1    MR. ROTTNER: All right, and I'll try to
2    let Mr. Pilgrim know within a week what my client's
3    feelings are, and I have to go back and look at my
4    notes to see what the questions were, to the extent
5    I can recreate that, and then make a decision. I
6    appreciate that, your Honor.
7    MR. PILGRIM: Your Honor, can I just ask
8    in terms of the time frame? I mean, if their
9    depositions, if it were possible, I talked to
10   Attorney Rottner and the Court, and if their
11   depositions could be taken somehow by the -- before
12   the order to show cause hearing on the 31st of --
13   the 30th, what then?
14   THE COURT: I don't see that they -- that
15   one has any relationship to the other.
16   MR. PILGRIM: I guess if we can take
17   their deposition testimony, well then certainly
18   there should be -- they would be allowed to testify
19   consistent with the testimony that they would give
20   had they come up for the deposition.
21   THE COURT: They're not subject to the
22   order to show cause.
23   MR. PILGRIM: I understand. I understand
24   that. Mr. Rottner is trying to limit their
25   testimony to what was testified to in the

```
 1   examination under oath.
 2               THE COURT: Or any other statements that
 3   they have made under oath that is a part of the
 4   record of this case.
 5               MR. PILGRIM: We were talking about
 6   whether he earnestly wanted to take their
 7   deposition outside, and I'm assuring him of my best
 8   efforts to get them here by the 30th day of
 9   December, come what may, so that they could
10   possibly be deposed.  Am I making sense?
11               THE COURT: No, because I don't
12   understand what that has to do with the order to
13   show cause.
14               MR. PILGRIM: Nothing to do with the
15   order to show cause, but -- nothing to do with the
16   order to show cause.
17               MR. ROTTNER: Absolutely right.
18               MR. PILGRIM: I mean, I am wondering if I
19   can resolve the issue of the depositions, how soon.
20   I mean, if it's still open and on the table, I
21   guess.
22               THE COURT: Well, he's going to let you
23   know in a matter of a couple of days if he wants to
24   take the deposition.  Your clients are not in the
25   driver's seat about when this deposition will be
```

1  taken.
2          MR. PILGRIM: If it were possible to get
3  them here after the Christmas holiday.
4          THE COURT: I'm not going to discuss
5  hypotheticals. We've discussed them before and
6  they don't work. Work it out with Mr. Rottner.
7  That's the current -- that's the order, their
8  deposition isn't taken, their testimony is
9  precluded.
10         All right, next matter. That is an
11 order that would also then cover No. 52.
12         MR. ROTTNER: Yeah, I thought 52 and 59
13 are related, your Honor.
14         THE COURT: They are. Then we have the
15 issue of the exhibits that were produced by the
16 plaintiffs at their earlier deposition. What's the
17 term of art that you use?
18         MR. ROTTNER: Examination under oath.
19         THE COURT: Examination under oath.
20         MR. ROTTNER: I think --
21         THE COURT: Do you have those?
22         MR. ROTTNER: I think that was resolved.
23         THE COURT: There was an outstanding
24 order by Judge Garfinkle that required them to be
25 produced by August 5th.

1   MR. ROTTNER: I got everything Mr.
2  Pilgrim has. So, I can't get anymore.
3   THE COURT: Then --
4   MR. ROTTNER: There are some photographs
5  missing but --
6   THE COURT: That is --
7   MR. ROTTNER: Life.
8   THE COURT: That is the blood from the
9  stone.
10   MR. ROTTNER: I don't know if that was --
11   THE COURT: 42 then is denied.
12   MR. ROTTNER: I think 42, was that a
13  different issue?
14   THE COURT: It seems to have come after
15  Judge Garfinkle's earlier order that costs would be
16  imposed and use of the exhibits would be precluded
17  if they weren't produced by August 5th, but then we
18  had this motion that's filed August 11 that
19  suggested to me that the exhibits hadn't been
20  produced.
21   MR. ROTTNER: At that time they hadn't,
22  your Honor, but 42 goes well beyond that. There is
23  more than those exhibits. It goes -- 42 addresses
24  the adequacy of certain answers to interrogatories
25  and the production of documents. Unless I've got