UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EARL CRAIG and | : | |
| MARY GORE | : | |
| Plaintiffs | : | CASE NO. 302 CV 1630(JBA) |
| | : | |
| VS. | : | |
| | : | |
| COLONIAL PENN INSURANCE | : | |
| COMPANY | : | |
| Defendant | : | APRIL 1, 2004 |

**DEFENDANT'S OBJECTIONS
TO PLAINTIFFS' SECOND MOTION FOR ENLARGEMENT OF TIME**

The defendant objects to the plaintiffs' Second Motion for Enlargement of Time dated

March 25, 2004, Docket No. 75 filed March 30, 2004, for the following reasons:

1.      The plaintiffs' original Motion for Enlargement of Time, Docket No. 72, was filed

March 2, 2004.  Said motion was granted by the court on March 4, 2004, and the court increased

the time for the plaintiffs to reply to the defendant's Motion for Summary Judgment up to and

including March 19, 2004.  In said motion the plaintiffs represented that additional time was

needed as "plaintiffs' counsel is currently in the process of drafting their opposition but requires

affidavits and other materials which among other things are to be signed by parties and witnesses

who are out of state."  The plaintiffs' in their Second Motion for Enlargement of Time, Docket

No. 75, represent that additional time is necessary for the reason that "Plaintiffs' counsel has not

yet completed their brief and have not yet received the required Affidavits and other materials from out of state witnesses, materials which are necessary to oppose the defendant's motion."  The defendant does not oppose an enlargement of time which may be required by the plaintiffs' counsel in order for counsel to meet the deadlines imposed in this and other matters.  However, the defendant objects to the granting of this Motion to the extent that additional time is required because of the failure of the plaintiffs to complete and sign Affidavits.

The defendant is not aware of any out of state witnesses other than the plaintiffs and their children.  Any additional time required as a result of the plaintiffs' failure to sign Affidavits is a continuation of their repeated refusal to comply with the Rules of Court.  The plaintiffs' previous efforts to frustrate this litigation, including their failure to attend their depositions, is more fully set forth in the defendant's previous Motion to Dismiss, Docket No. 59.   In response to said Motion to Dismiss, sanctions were entered by the Court including an Order precluding the plaintiffs from testifying at trial as to any matters to which the plaintiffs had not previously testified under oath.

The defendant's counsel represents that in response to the plaintiffs' Second Motion for Enlargement of Time he has attempted to contact plaintiffs' counsel in order to verify that the out of state witnesses referred to in the plaintiffs' Motions for Enlargement of Time are the plaintiffs.

The defendant represents that plaintiffs' counsel made no effort to speak with the defendant's counsel with respect to the plaintiffs' Second Motion for Enlargement of Time.  Whereas in plaintiffs' First Motion for Enlargement of Time, plaintiffs' counsel represented that he "had telephoned defendant's counsel with respect to this motion, but has been unable to speak directly with counsel, as he was not in his office";  plaintiffs' counsel represented in the pending Motion that he had "been unable to speak directly with opposing counsel."  The undersigned counsel for the defendant represents that he is aware of no effort on the part of plaintiffs' counsel to contact the undersigned defense counsel with respect to the plaintiffs' Second Motion for Enlargement of Time.  Defense counsel further represents that the plaintiffs' Second Motion for Enlargement of Time was received on March 31, 2004 and upon receipt defense counsel telephoned the plaintiffs' counsel and left a message requesting that plaintiffs' counsel contact the undersigned defense counsel concerning the plaintiffs' Second Motion for Enlargement of Time, Docket No. 75.  To the date and time of this motion (April 1, 2004 at 6:00 p.m.) plaintiffs' counsel has not made any attempt to contact the undersigned defense counsel.  The undersigned defense counsel wished to determine from plaintiffs' counsel the names of the persons who have not supplied Affidavits and to determine whether or not the inability of plaintiffs' counsel to obtain Affidavits was the result of delay and/or uncooperativeness of the plaintiffs.

2.    The defendant further objects to the plaintiffs' Second Motion for Enlargement of Time to the extent that additional time is necessary for the plaintiff to obtain Affidavits for the reasons set forth in the defendant's Motion to Preclude Affidavits filed with the court on March 11, 2004, Docket No. 74, as the filing of Affidavits from the plaintiffs would be contrary to the Order of the Court, Docket No. 62 granting the defendant's Motion for Sanctions, Docket No. 59.

WHEREFORE, the defendant respectfully requests that the court deny the plaintiffs' Second Motion for Enlargement of Time dated March 25, 2004.

DEFENDANT, COLONIAL PENN
INSURANCE COMPANY


By_____\S_____
        Joel J. Rottner
        Skelley Rottner P.C.
        P.O. Box 340890
        Hartford, CT  06134-0890
        (860) 561-7077
        Fed. Bar #ct 05612

<u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed, postage prepaid, (via Fed. Ex.) to court and regular U.S. mail to the following counsel of record as follows on April 1, 2004 :

Caleb M. Pilgrim, Esquire
Law Offices of Attorney Caleb M. Pilgrim
1404 Whalley Avenue
New Haven, CT  06515


_____\S_____
Joel J. Rottner

SR/218990