**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EARL CRAIG and | : | |
| MARY GORE | : | |
| Plaintiffs | : | CASE NO. 302 CV 1630(JBA) |
| | : | |
| v. | : | |
| | : | |
| COLONIAL PENN INSURANCE CO. | | APRIL 29, 2004 |
| Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE CLAIMS IN PLAINTIFFS'56(a)2 STATEMENT**

If the Defendant's Objection to the Late Filing of the Plaintiffs' Opposition to the Defendant's Motion for Summary Judgment is not granted, the defendant will respond to each of the plaintiffs' Local Rule 56(a)2 statements.  In an effort to efficiently prepare a response, the defendant moves for permission to strike several of the plaintiffs' Local Rule 56(a)2 Statements and additional claims of fact made by the Plaintiffs in the body of their Memorandum in Opposition to the Defendant's Motion for Summary Judgment for the reason that they are not substantiated by affidavit, deposition testimony, responses to discovery, or other documents containing such evidence that would be admissible at trial as required by Federal Rules of Civil Procedure 56(e) ("Rule 56") and Federal Local Rules of Civil Procedure 56(a)3 ("Local Rule 56(a)(3)).

The Defendant requests that the court allow it to file a motion to strike the plaintiff's claims of fact which are not properly substantiated separate from and in advance of the filing of the Defendant's Reply to the Plaintiff's Memorandum in Opposition to the Defendant's Motion for Summary Judgment for the reason that to

the extent any unsubstantiated and improper claims of fact are stricken, the result will be to substantially simplify, shorten and in some cases eliminate the need for the Defendant to reply to portions of the Plaintiff's Memorandum in Opposition to the Defendant's Motion for Summary Judgment.

By way of example the statements which should be stricken from the plaintiffs' late 56(a)2 statement are as follows:

Statement 6

"Plaintiffs sought, and were promised by the Defendant's agent, and former employee, "Tony", and paid for coverage by the Defendants well before August 3, 2000 at 12.01 a.m. (Exhibit D) Plaintiffs were never advised that coverage would be provided belatedly, i.e. after midnight on August 3, 2000.  Even if one Plaintiff, were so advised, - which is not conceded, in any way, shape or fashion, - does not obviate the need to expressly notify the other insured of the belated coverage.  (Exhibit E)"

The Plaintiffs have referenced Exhibit D and Exhibit E but have not attached any such exhibits to their motion.  Therefore, these claims do not conform with FRCP 56.

Statement 14

The plaintiffs offer Exhibit F in support of statement 14 but there is no Exhibit F.  The plaintiff also offers deposition testimony from the plaintiffs' minor children but there are no deposition transcripts attached, and the plaintiffs have not supplied affidavits.  Therefore Statement 14 must be stricken because the plaintiff offers no documentation as required by Rule 56 and Local Rule 56 (a)(3) as evidence of plaintiffs' denial.

Statement 16

Similar to Statement 14, the plaintiffs reference Exhibit H but there is no Exhibit H. In addition, the plaintiff has quoted a statement by plaintiff Craig, with no reference as to where it came from. Assuming it came from plaintiff Craig's Examination Under Oath ("EUO"), there are hundreds of pages of EUO text. Referencing a statement without a page number or where the statement was pulled from is clearly not evidentiary material as required pursuant to Rule 56 and Local Rule 56 (a)(3) and the plaintiffs' denial must be stricken.

Statements 20, 21, 22

The plaintiffs reference the plaintiffs' EUOS and in all three statements. There are no specific page numbers within the plaintiffs' EUOs referenced and with hundreds of pages of EOU, it is unclear as to the basis of the plaintiffs' claims. In addition, the plaintiffs relied on their "responses to the Defendant's Interrogatories," Exhibit J to support the claims of fact. However, said responses to interrogatories are not only not signed by the Plaintiff but they are not under oath. Therefore, not only do they fail to comply with the requirements of FRCP 56 and Local Rule 56(a)(3), but the plaintiffs' are barred by the order of the Court (see ruling on Defendant's Motion to Dismiss Docket No. 59) from using those responses at trial as they are not under oath. There is, therefore, no substantiation for the claims of fact made by the plaintiffs.

The plaintiff also references the deposition of Anthony DeBiase, Exhibit J and the deposition testimony of Mr. Thomas Exhibit K. Neither of these exhibits were attached to the plaintiffs' statements and consequently there is no support for any plaintiffs' claims of fact based on these documents. Finally, both of these gentlemen are local to Connecticut and the plaintiffs could have obtained their affidavits. The plaintiffs neither obtained affidavits nor provided deposition transcripts.

In light of the fact that Statements 20, 21, and 22 do not meet the requirements of Rule 56 and Local Rule 56 (a)(3), they must be stricken.

WHEREFORE, the defendant respectfully requests that the court grant the Defendant's request for permission to move to strike portions of the Plaintiffs' Local Rule 56(a)(2) statement and additional unsubstantiated evidentiary claims made by the Plaintiffs in the body of their Brief in Opposition of the Defendant's Motion for Summary Judgment as same are not properly substantiated in accordance with Federal Rules of Civil Procedure 56 and Local Rule 56(a)(3).

DEFENDANT, COLONIAL PENN INSURANCE CO.

By_____\S _____
Skelley Rottner P.C.
P.O. Box 34089
Hartford, Connecticut 06134-0890
(860) 561-7077
Fed. Bar # ct05612

## CERTIFICATION

I hereby certify that a copy of the foregoing notice was mailed to counsel of record on April 29, 2004 as follows:

Caleb M. Pilgrim, Esquire
Law Offices of Attorney Caleb M. Pilgrim
1404 Whalley Avenue
New Haven, CT  06515

\S \
Joel J. Rottner