UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EARL CRAIG and | : | |
| MARY GORE | : | |
| Plaintiffs | : | CASE NO. 302 CV 1630(JBA) |
| | : | |
| v. | : | |
| | : | |
| COLONIAL PENN INSURANCE CO. | | MAY 21, 2004 |
| Defendant | : | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO STRIKE UNSUPPORTED CLAIMS IN PLAINTIFFS' RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

The defendant moves to strike plaintiffs' Local Rule 56(a)2 Statements and additional claims of fact made by the Plaintiffs in the body of their Memorandum in Opposition to the Defendant's Motion for Summary Judgment for the reasons that they are not "admitted," "denied, " and/or substantiated by affidavit, deposition testimony, responses to discovery, or other documents containing such evidence that would be admissible at trial as required by Federal Rules of Civil Procedure 56(e) and Federal Local Rules of Civil Procedure 56(a)2 and 56(a)3.  Specifically, the defendant moves to strike:

   (a)   Plaintiffs' 56(a)2 statements numbered 2, 3, 4, 5, 6, 8, 9, 10, 11, 12, 14, 15, 16, 17, 20, 21, and 22.

   (b)   Plaintiffs' entire "Dispute Issues of Material Fact" consisting of twelve statements.

  (c) Specific sections within Plaintiffs' memorandum of law including page 11, the first full paragraph; page 16, page 18, the next to the last sentence of the first full paragraph; the last sentence of the first full paragraph; page 21, the entire statement in section (a); page 26, the third sentence of the last paragraph; and page 27, the first full paragraph.

## I. LEGAL STANDARD

The legal standard for striking the statements of an adverse party's response to a summary judgment motion is provided in the Federal Rules of Civil Procedure ("Rule") and the Federal Local Rules of Civil Procedure ("Local Rule"). Rule 56(e) provides that "[w]hen a motion for summary judgment is made and supported as provided in this rule . . . the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Local Rule 56(a)(2) further requires that each of 0the facts asserted by the moving party be admitted or denied. Local Rule 56(a)3 specifically requires that "each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."

The Second Circuit has repeatedly stated that the Connecticut District Courts may deem the movant's statement of facts in its Local Rule 56(a)1 Statements as admitted when an opposing party does not admit or deny a moving party's statement or provide supporting evidence that would be admissible at trial. Tunnell v. United Technologies Corp., 2000 U.S. App. LEXIS 15049 *1, *2-3 (2nd Cir. June 23, 2000) (affirming that the district court properly deemed each fact by the moving party as admitted when the non-moving party failed to file a statement pursuant to Local Rule 56). Futoma v. City of Hartford, 2000 U.S. App. LEXIS 5768

*1, *3-4 (2nd Cir. March 29, 2000) (finding that District of Connecticut courts routinely apply sanctions in cases of noncompliance by the non-moving party and deem the movant's statement of facts admitted). Miner v. Sheridan, 1999 U.S. App. LEXIS 28472 *1, *1-2 (2nd Cir. 1999) (finding that the plaintiff's assertions and disregard for the "unambiguous directive" of Local Rule 56 allowed the district court to deem the movant's statements as admitted." One district court in Connecticut has gone even further to state that:

> [T]he legal argument and conclusions of law set forth in the Plaintiffs' Rule [56(a)2] Statement coupled with the Plaintiffs' failure to admit or deny the factual assertions by the Defendant, is a "statement" which is not in compliance with the Local Rules and is the equivalent of no filing at all.

Mr. A. v. Weiss, 121 F. Supp. 2d 718, 720-721 (D. Conn. 2000).

Sanctions by the court are provided for by Local Rule 56(a)3. Sanctions are justified when a non-moving party is not compliant because the purpose of Local Rule 56(a) is to "make affirmative statements which will aid and inform the Court." Id. at 721. Rule 56(a)3 states that "failure to provide specific citations to evidence in the record as required by this Local Rule [56(a)3] may result in sanctions, including, . . . when the opponent fails to comply, an order granting the motion [for summary judgment]." In sum, when the non-moving party is not compliant, the court may accept the movant's statements of facts as admitted, strike the opposing party's responses and other unsubstantiated claims of facts, simply grant the movant's summary judgment or administer other sanctions as the court deems appropriate.

## II.   ARGUMENTS FOR STRIKING PORTIONS OF PLAINTIFF'S 56(a)2 STATEMENT

**Plaintiff's Response to Defendant's Statements 2, 3, 4, 5, 8, 9, 10, 11, and 17 Must be Stricken Because the Plaintiff has Neither Admitted nor Denied These Statements**

Local Rule 56(a)3 requires that the plaintiff, as the non-moving party, admit or deny every statement in the defendant's Local Rule 56(a)1 Statement.  The plaintiff has neither denied nor admitted defendant's statements of fact numbered 2, 3, 4, 5, 8, 9, 10, 11, and 17 in plaintiffs' Local Rule 56(a)2 Statement.  "[T]he statement of a party moving for summary judgment will be deemed admitted unless the opposing party submits a statement as to whether each of the facts asserted by the moving party is admitted or denied."  Tunnell v. United Technologies Corp., 2000 U.S. App. LEXIS 15049 at *2.  The defendant's statements of fact numbered 2, 3, 4, 5, 8, 9, 10, 11, and 17 must, therefore, be deemed admitted because the plaintiffs have neither admitted nor denied these statements.  Correspondingly, the plaintiffs' responses must be stricken as not in compliance with Local Rule 56(a)3.

**Plaintiff's Response to Defendant's Statements 6, 14, 15, and 16 Must be Stricken Because the Plaintiff Has Not Provided the Evidentiary Exhibits Described in Plaintiff's Denial**

The plaintiff describes exhibits and a deposition in its denial of defendant's statements 6, 14, 15, and 16 and refers to Exhibits D, E, F, H, and depositions from the plaintiffs' children, all of which were not included with plaintiffs' Local Rule 56(a)2 Statement.  Specifically, the denial of statement 6 references Exhibit D and E, statements 14 and 15 reference Exhibit F and depositions of the plaintiffs' children, and statement 16 refers to Exhibit H.  None of these

exhibits or depositions were enclosed with plaintiffs' 56(a)2 Statement.  In addition, in the plaintiffs' denial of statement 16, the plaintiffs quote a statement by plaintiff Craig with no reference as to where it came from.  Assuming it came from plaintiff Craig's Examination Under Oath ("EUO"), there are hundreds of pages of EUO text.  Referencing a statement made without a page number or a reference as to the source of the statement is clearly not evidentiary material as required under Local Rule 56(a)3.  Mere assertions by a party who has failed to comply with the provisions of Local Rule 56(a)3 are not a sufficient demonstration of a genuine issue of material fact.  Miner v. Sheridan, 1999 U.S. App. LEXIS 28472 at *2.  The plaintiffs' denials to the defendant's statements numbered 6, 14, 15, and 16, must, therefore, be stricken due to lack of evidentiary support.

**Plaintiff's Response to Defendant's Statement 12 Must be Stricken Because the Plaintiff has Denied the Statement Without Any Evidentiary Support**

The plaintiffs deny the defendant's statement 12 but have not provided any evidentiary support.  Local Rule 56(a)3 clearly and specifically requires that "each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."  When a non-movant is not compliant with the Local Rules regarding summary judgment, the movant's statement of facts are admitted.  Futoma v. City of Hartford, 2000 U.S. App. LEXIS 5768 at *3. Consequently, the defendant's statement 12 must be deemed admitted and the plaintiffs' denial of statement 12 stricken.

**Plaintiff's Response to Defendant's Statement 20, 21, and 22 must be Stricken Because the Plaintiff Makes Factual Assertions Without Supporting Evidence**

The plaintiffs denial of defendant's statements numbered 20, 21, and 22 references the plaintiffs' EUOS as providing evidentiary support for plaintiffs' denial. The plaintiffs, however, do not cite to specific page numbers within the plaintiffs' EUOs. With hundreds of pages of EOU it is unclear as to the basis of the plaintiffs' denial of defendant's statements 20, 21, and 22.

Furthermore, the plaintiffs offer "Plaintiffs Responses to the Defendant's Interrogatories dated August 5, 2003" to support their claims of fact and denial of defendant's statements 20, 21, and 22. The plaintiffs' responses to the defendant's interrogatories, however, are barred by order of the Court (see ruling on Defendant's Motion to Dismiss Docket No. 59) from using those responses at trial because the responses were not signed by the plaintiffs nor were they under oath. The plaintiffs, therefore, have no evidentiary substantiation for their claims of fact as required under Local Rule 56(a)3 in which they reference the EUOs and the plaintiffs' responses to interrogatories.

In addition, in the plaintiffs' denial to all three of defendant's statements 20, 21, and 22, they reference the "Deposition of Anthony DeBiase, September 25, 2003" as supporting their factual allegations regarding the Investigator. There is, however, no transcript of Anthony DeBiase to support the plaintiffs' factual assertions and denial of the defendant's statements. The plaintiffs could have obtained Anthony DeBiase's affidavit since he is in Connecticut but failed to do so. The plaintiffs have no evidentiary support for their factual allegations referencing Anthony DeBiase as required under Local Rule 56(a)3.

Furthermore, in the plaintiffs' denial to defendant's statement 20, the plaintiffs refer to Exhibit K and Exhibit L in support of factual assertions by Ira Thomas.  There is no Exhibit K or Exhibit L.  The plaintiffs, therefore, have failed to provide evidentiary support for their claims regarding Ira Thomas.  Moreover, Ira Thomas is local to Connecticut and the plaintiffs could have obtained his affidavit but did not do so.

By failing to comply with Local Rule 56a, the plaintiffs denial of defendant's statements 20, 21, and 22 must be stricken and the defendant's statements deemed admitted.  A party opposing a summary judgment motion

> must serve a short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried and that facts asserted by the moving party will be deemed admitted unless so controverted.  The assertions of a party who has failed to comply with this provision [Local Rule 56a] are insufficient to defeat the summary judgment motion.

Miner v. Sheridan, 1999 U.S. App. LEXIS 28472 at *2.

The manner in which plaintiffs must controvert a defendant's summary judgments statements is spelled out in Local Rule 56(a)3, which requires a "specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."  The plaintiffs have clearly not met the requirements of Local Rule 56(a)(3) by simply making factual allegations without evidentiary support.  The plaintiffs' denial to defendant's statements 20, 21, and 22 must therefore be stricken and the defendant's statements 20, 21, and 22 must be deemed admitted.

**Plaintiff's Twelve "Disputed Issues of Material Fact" Must be Stricken Because it is Not Compliant with Local Rule 56(a)**

Local Rule 56(a)3 requires that "[e]ach statement of material fact by . . . an opponent in a Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial."  The plaintiff has provided no affidavits or evidence that would be admissible at trial to support the twelve statements that the plaintiff claims are disputed issues of material fact.  The Second Circuit has repeatedly supported the sanctions imposed by the Connecticut District Courts when a non-moving party has not complied with the Local Rules regarding summary judgments.  <u>Tunnell v. United Technologies Corp.</u>, 2000 U.S. App. LEXIS 15049 *1, *2 (2nd Cir. June 23, 2000).  <u>Futoma v. City of Hartford</u>, 2000 U.S. App. LEXIS 5768 *1, *3 (2nd Cir. March 29, 2000).  <u>Miner v. Sheridan</u>, 1999 U.S. App. LEXIS 28472 *1, *2-3 (2nd Cir. 1999).  Due to the plaintiffs' complete lack of evidentiary support for its "Disputed Issues of Material Fact," the court must sanction the plaintiffs by striking the entire list of twelve statements of alleged disputed issues of material fact.

### III.     ARGUMENTS FOR STRIKING PORTIONS OF PLAINTIFFS MEMORANDUM OF LAW

**Plaintiffs' Factual Allegations Must be Stricken Because the Plaintiff Has Not Provided the Referenced Evidentiary Exhibits**

On pages 11, 16, and 27, the plaintiffs support their factual statements with exhibits that were not provided with their memorandum of law.  More specifically, on page 11 in the first full paragraph, the plaintiffs allege facts in regards to their dogs and the State Department of Children and Families.  This paragraph must be stricken because there is no Exhibit N nor is there an Exhibit O to support the plaintiffs' statements.

On page 16 in the last sentence of the second full paragraph, the plaintiff alleges that "Plaintiff Gore testified in her deposition that at all times she did whatever the Defendant's agent's representatives told her to do. (Exhibit R)." There is no Exhibit R, therefore, the plaintiffs' sentence must be stricken because there is no evidentiary support for that statement.

On page 26 in the third sentence of the last paragraph, the plaintiffs reference statements made by "their agent Tony, Tim Lawson and Marion Guzik." On page 27, in the first full paragraph, the plaintiffs go on to express how the plaintiffs relied upon representations by Tony, Lawson, and Guzik. The only supporting documentation offered for these statements are excerpts from plaintiffs' EUO in Exhibit Y. There is no Exhibit Y. Furthermore, the plaintiffs' EUO contains hundreds of pages and without specific page numbers this reference cannot be considered supportive of plaintiffs' statement. These statements must be stricken because they are not substantiated with evidentiary support.

Factual statements with reference to exhibits that were not provided or references to a source without a page number are clearly not evidentiary material as required under Rule 56(e). "[A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided by [Rule 56(e)] must set forth specific facts showing that there is a genuine issue for trial." Dusanko v. Maloney, 726 F.2d 82, 84 (2nd Cir. 1984). Consequently, the plaintiffs' statements on page 11, 16, 26, and 27 must be stricken as not compliant with Rule 56 because there are no affidavits or other evidentiary support for these statements.

**Plaintiffs' Statements that Make Factual Assertions Without Any Supporting Evidence Must be Stricken**

On pages 18 and 21, the plaintiffs make factual statements with no evidentiary support whatsoever. Specifically on page 18, in the next to the last sentence of the first full paragraph, the plaintiffs state that "Several witnesses, e.g. Joe Ken, Evangelist Etta Anderson, and Hakeem Shakoor, testified that the Plaintiffs were excited about owning their own home for the first time, and distressed when it was burnt." There is no evidentiary testimony or affidavits provided from these witnesses. This factual statement, therefore, must be stricken as being noncompliant with Rule 56.

On page 21, in statement (a), the plaintiffs claim that the defendant suspected arson and that no one else, such as the Bridgeport Fire Department or the Connecticut State Police, acted similarly, or appeared to think or act similarly to the defendant. The plaintiffs provide no evidence or reference as to where to find what the Bridgeport Fire Department or the Connecticut State Police thought. Nor are there affidavits from staff working at those departments. Due to the lack of evidentiary support, the entire statement in (a) must be stricken as not compliance with Rule 56(e), which requires a non-movant to support factual statements made with affidavits or other admissible trial material.

IV. **CONCLUSION**

WHEREFORE, the defendant respectfully requests that the court grant the Defendant's request for permission to move to strike portions of the Plaintiffs' Local Rule 56(a)(2) statement

and additional unsubstantiated evidentiary claims made by the Plaintiffs in the body of their Brief in Opposition of the Defendant's Motion for Summary Judgment as same are not properly substantiated in accordance with Federal Rules of Civil Procedure 56 and Local Rule 56(a).

DEFENDANT, COLONIAL PENN INSURANCE CO.

By_____\S \_____
Joel J. Rottner
Skelley Rottner P.C.
P.O. Box 34089
Hartford, Connecticut 06134-0890
(860) 561-7077
Fed. Bar # ct05612

<u>CERTIFICATION</u>

    I hereby certify that a copy of the foregoing notice was mailed to counsel of record on May 21, 2004 as follows:

Caleb M. Pilgrim, Esquire
Law Offices of Attorney Caleb M. Pilgrim
1404 Whalley Avenue
New Haven, CT  06515

                                \S\
                             Joel J. Rottner

SR\220969