UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JUN 17 P 4: 22

DISTRICT
NEW HAVEN, CONN.

|  |  |  |
|---|---|---|
| EARL CRAIG and | : | |
| MARY GORE | : | |
| Plaintiffs | : | CASE NO. 302 CV 1630(JBA) |
| | : | |
| v. | : | |
| | : | |
| COLONIAL PENN INSURANCE CO. | : | JUNE 16, 2004 |
| Defendant | : | |

## DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**BACKGROUND**

On May 13, 2004, in Endorsement Order #851, the Court granted the defendant, Colonial Penn Insurance Company, permission to file a motion to strike numerous claims in plaintiffs' Local Rule 56(a)2 Statement and in the body of the plaintiff's Memorandum in Opposition to the Defendant's Motion for Summary Judgment that do not conform to Federal Rules of Civil Procedure 56(e) and the Local Rule of Civil Procedure 56(a)3. The defendant filed a Motion to Strike, dated May 21, 2004.

On May 27, 2004, in Endorsement Order #931, the Court denied the defendant's motion for enlargement of time in which to reply to the plaintiffs' memorandum in Opposition to Motion for Summary Judgment and ordered the defendant's reply to be filed by June 17, 2004. Due to the timing the defendant will not have the privilege of knowing the Court's decision as to the Motion to Strike. Consequently, the defendant's reply to the plaintiffs' opposition to the Motion for Summary Judgment must encompass some elements of the defendant's Motion to Strike.

The plaintiffs objected to defendant's Motion for Summary Judgment for the following reasons:

1) The defendant is estopped from asserting the policy's one-year suit limitation provision. *See page 13.[1]*

2) The defendant breached the common law covenant of good faith and fair dealing. See page 17 of plaintiffs' opposition to the defendant's Motion for Summary Judgment. *See page 17.*

3) The defendant breached its obligations under CUIPA and the defendant misstates that there is no private right of action under CUIPA. *See page 22.*

4) The defendant errs in its argument that the plaintiffs' CUTPA claim is insufficient as a mater of law. *See page 24.*

5) The plaintiffs' allegation that the defendant engaged in intentional and negligent misrepresentations are properly plead. *See page 26.*

6) The defendant's statements that the fires were the result of arson by or at the direction of the insured were false and defamatory. *See page 28.*

7) The plaintiffs believe there is ample evidence that the defendant's conduct was extreme and outrageous thereby causing the plaintiff's severe and emotional distress. *See page 29.*

Defendant will respond to the above-referenced arguments set forth by the plaintiffs and will rebut all allegations with an emphasis on the plaintiffs' lack of evidentiary support for such allegations. (Also see defendant's Motion to Strike Unsupported Factual Allegations in Plaintiffs' Response to Defendant's Motion for Summary Judgment, dated May 21, 2004). Without evidentiary substantiation for their claims the plaintiffs' Memorandum in Opposition to the Defendant's Motion for Summary Judgment does not conform to Federal Rules of Civil

---

[1] Italicized page numbers refer to Plaintiff's Memorandum of Law in Support of Plaintiffs' Opposition to [Defendant's] Motion for Summary Judgment.

Procedure 56(e) and the Local Rule of Civil Procedure 56(a)3 ("Local Rule"). Mere assertions by a party who has failed to comply with the provisions of Local Rule 56(a)3 are not a sufficient demonstration of a genuine issue of material fact. <u>Miner v. Sheridan</u>, 1999 U.S. App. LEXIS 28472 at *2 (2nd Oct. 29. 1999). The plaintiffs must provide evidentiary support for their claims as required under Local Rule 56(a)3 and failing to do so, the defendant's Motion for Summary Judgment must be granted because there are no genuine issues of material fact and summary judgment must be granted as a matter of law.

## DEFENDANT'S REBUTTAL

> **1)  The Plaintiffs Provide No EvidenceTo Support The Application of Promissory Estoppel Or Equitable Estoppel As a Bar to The Policy's One-Year Suit Limitation Provision.** *See page 13.*[2]

The Plaintiffs have provided an extensive review of the theories of promissory estoppel and equitable estoppel in their opposition to the defendant's summary judgment and the defendant does not disagree with these principles of law. The plaintiffs, however, have failed to provide any evidence to support their claim that the defendant is estopped from asserting the policy's one-year suit limitation provision.

In <u>Boyce v. Allstate Ins. Co.</u>, 236 Conn. 375, 376, 673 A.2d 77 (1997), the jury found that the defendant Allstate was estopped from asserting the policy's one-year suit limitation. Nevertheless, the Connecticut Supreme Court found as a matter of law that the insured had not introduced any evidence to support an estoppel. <u>Id.</u> at 383. Further, the Supreme Court found that the defendant had not waived its rights to assert the policy's one-year suit limitation nor

---

[2] Italicized page numbers refer to Plaintiff's Memorandum of Law in Support of Plaintiffs' Opposition to [Defendant's] Motion for Summary Judgment.

was the defendant estopped from doing so. Id. at 386-387. The Supreme Court reversed the jury verdict in favor of Allstate. Id. at 388.

In the case at bar the plaintiffs have not provided any affidavits or admissible evidence to support their estoppel theory. In addition, the defendant has never waived its rights and defenses under the policy. For example, in the last sentence of the denial letter, the defendant clearly states that "In the event of litigation or further claim arising out of or respecting the subject loss or subject insurance, the GEFA/Colonial Penn Insurance Company specifically reserves any and all such rights and defenses." See Exhibit J to defendant's Motion for Summary Judgment for a copy of the denial letter.

Furthermore, in Boyce the denial letter was sent 18 months after the fire. Id. at 378-380. In the present case the denial letter was sent 10 months after the fire. Therefore, the plaintiffs argument that because the denial letter was sent 10 months after the fire the defendant must be estobbed from from asserting the one-year suit limitation must fail. As in Boyce, this case is "not of the defendant['s] lulling the plaintiff[s] into a sense of false security but of the latter's sleeping on [their] rights." Id. at 387-388. In the case at bar, the plaintiffs have not provided the requisite evidentiary support for the claim of estoppel, such as affidavits or other admissible evidence as required under Local Rule 56(a)3. The defendant's Motion for Summary Judgment, therefore, must be granted.

As the plaintiffs state, under promissory estoppel, the defendant must give a clear and definite promise to waive the suit limitation provision of the policy upon which the defendant would have expected the plaintiffs to rely on. Union Carbide Corp. v. City of Danbury, 257

4

Law Offices of SKELLEY ROTTNER P.C. ☐ P.O. Box 340890, Hartford, CT 06134-0890 ☐ Phone: (860) 561-7077 Fax: (860) 561-7088

Juris No. 58693

Conn. 865, 874, 778 A.2d 204 (2001). To claim the theories of promissory or equitable

estoppel, the plaintiffs must prove the elements of estoppel:

> [T]he party against whom estoppel is claimed must do or say
> something calculated or intended to induce another party to
> believe that certain facts exist and to act on that belief; and the
> other party must change its position in reliance on those facts,
> thereby incurring some injury. . . . It is fundamental that a person
> who claims an estoppel must show that he has exercised due
> diligence to know the truth, and that he not only did not know the
> true state of things but also lacked any reasonably available means
> of acquiring knowledge.

Chotkowski v. State, 240 Conn. 246, 268, 690 A.2d 368 (1997) (Citations omitted; internal
quotation marks omitted) (quoting Connecticut National Bank v. Voog, 233 Conn. 352, 366,
659 A.2d 172 (1995)).

The plaintiffs attempt to support their claims by referring to Ms. Gore's Examination

Under Oath (hereinafter "EUO") and claiming that Ms. Gore testified she did whatever the

defendant's representatives told her to do. In support of their argument the plaintiffs reference

Exhibit R but have not appended Exhibit R to their memorandum. Therefore, there is no

evidentiary evidence of Ms. Gore's statement. But even if Exhibit R existed the element of

evidence required is still not met. To prove estoppel the plaintiffs must produce evidence that

the defendant did or said something to induce reliance by the plaintiffs. This focus is on what

the insurer said or did not on what an insured said or did. Ms. Gore's statement that she

followed the instructions of the defendant does not provide any evidence of what instruction the

defendant provided and on which she relied.

The plaintiffs must also prove that they made a detrimental change in their position in

reliance of facts on something the defendant said or did. The plaintiffs have provided no

evidence whatsoever that they relied on any statements or action of the defendant or that their

position changed, to their detriment.

5

Under the legal theory of estoppel the plaintiffs must also demonstrate that they used due diligence to know the truth and they lacked any means to acquire the truth. The plaintiffs offer no evidence demonstrating their due diligence or lack of means to find out the truth. The facts demonstrate that the plaintiffs had adequate notice that the defendant was reserving its rights including the right to assert the policy's one-year suit limitation. October 4, 2000 Attorney Joel J. Rottner sent a letter to the plaintiffs requesting an EUO pursuant to the terms and conditions of the policy of insurance. See Exhibit A, attached hereto, for a copy of Attorney Rottner's letter marked Exhibit 1 to transcript of the EUO of Ms. Gore. Said letter concluded by advising the plaintiffs that the defendant "respectfully continues to require full and complete compliance with all of the terms and conditions of the insurance contract and continues to reserve any and all rights and defenses which may now exist or which may arise in the future. No waiver or estoppel of any kind is intended nor should any be inferred." All letters from the defendant reserved the defendant's rights and defenses. The plaintiffs did not even need to use due diligence because they were notified of the defendant's ongoing investigation and reservation of rights, which included the one-year suit limitation. See Boyce v. Allstate Ins. Co., 236 Conn. 375, 673 A.2d 77 (1997). Furthermore, the plaintiffs were at all times represented by counsel. See cover sheet of transcripts of both plaintiffs in Exhibit B, which reflects the appearance of Attorney Caleb M. Pilgrim.

The plaintiffs rely on Eveleno v. Colonial Penn Ins. Co., 188 Misc. 2d 454, 728 N.Y.S.2d 907 (N.Y. Civ. Ct 2001) for the proposition that insurers may not deny a claim when the insured has not been timely notified of a denial. The plaintiffs reliance on Eveleno is misplaced because the case was decided on New York law. Insurers in New York are required

Law Offices of SKELLEY ROTTNER P.C. □ P.O. Box 340890, Hartford, CT 06134-0890 □ Phone: (860) 561-7077 Fax: (860) 561-7088
Juris No. 58693

by New York statute to issue a denial within 15 business days or notify their insured of the need for additional time and the reasons for the additional time. Id. at 457. The defendant insurer in Eveleno did not comply with the time requirements of the statute and consequently the court granted summary judgment to the plaintiff. Id. at 461. The Eveleno case is not applicable to the present case because there is no such statute in Connecticut.

The plaintiffs, therefore, have not produced admissible evidence to support any elements of estoppel. Accordingly, the Court should grant summary judgment for the defendant as to Count One of the complaint based on the one-year suit limitation provision.

### 2) The Plaintiffs Cannot Prove An Alleged Breach of The Implied Covenant of Good Faith and Fair Dealing. *See page 17.*

To prove a claim for breach of the implied covenant of good faith and fair dealing in a contract, the plaintiffs must provide evidence of the defendant's dishonest purpose or sinister motive. Alexandru v. Strong, 81 Conn. App. 68, 81, 837 A.2d 875 (2004). The burden of proof for such an allegation is by clear and convincing evidence. M.J. Daly & Sons., Inc. v. City of West Haven, 66 Conn. App. 41, 53, 783 A.2d 1138 (2001). In the present case the plaintiffs have not provided any admissible evidence to support their claim of bad faith. In contrast, the defendant has provided substantial evidence in its Motion for Summary Judgment that the plaintiffs' claim was handled in good faith and without ill will towards the plaintiffs.

The plaintiffs cite to several cases to support their position that the defendant breached its duty of good faith and fair dealing. The plaintiffs rely on Carroll v. Allstate Ins. Co., 262 Conn. 433, 815 A.2d 119 (2003). However, in Carroll, the jury found that the insurer had no liability for breach of the covenant of good faith and fair dealing. Id. at 435.

In footnote 8, the plaintiffs referenced <u>Colonial Penn Ins. Co. v. Coil</u>, 887 F.2d 1236 (4th Cir. 1989) as an arson case but misstate the outcome of the case. In <u>Colonial Penn Ins. Co.</u>, the district court did find that the insurer's offer of judgment could not be revoked on grounds of fraud but the Court of Appeals reversed and remanded. <u>Id.</u> at 1240. The Appellate Court found the plaintiffs had attempted to work a fraud on the insurer and on the district court as well. <u>Id.</u>

The plaintiffs citation to <u>Rock v. Eagle American Ins.</u>, 2000 LEXIS 747 (Conn. Super. March 17, 2000) as supportive of their position that the defendant did not act in good faith is also misplaced. The <u>Rock</u> case was not an arson case but a stolen property case and the defendant allegedly denied the claim on little more than speculation. <u>Id.</u> at *6. In the present case, the defendant performed a thorough investigation. As outlined in the denial letter, the defendant denied the plaintiffs' claim based on substantial facts (the fire on August 4, 2000 was incendiary) and significant circumstantial evidence (the plaintiffs were at the premises shortly before the fire). The defendant also specified the plaintiffs' motive to start the fire although proof of motive is not required to establish arson in Connecticut. <u>See Travelers v. Namerow</u>, 261 Conn. 784; 807 A.2d 467 (2002) (finding that motive is not required as an element of civil arson). The claim was also denied for intentional misrepresentations during the course of the defendant's investigation. See denial letter in Exhibit J to defendant's Motion for Summary Judgment. "The insurer need not establish that the insured started the fire but it must refer to the basis on which it concluded the facts it relied on to deny coverage gave it a reasonable basis to do so." <u>Bergen v. The Standard Fire Ins. Co.</u>, 1997 LEXIS 3494 at *48 (Conn. Super. December 31, 1997). The plaintiffs have merely alleged that the defendant acted with a sinister

Law Offices of SKELLEY ROTTNER P.C. □ P.O. Box 340890, Hartford, CT 06134-0890 □ Phone: (860) 561-7077 Fax: (860) 561-7088

Juris No. 58893

motive without providing any evidence to support said claim and certainly no clear and convincing evidence.

The plaintiffs refer to several witnesses, including Joe Kent, Evangelist Etta Anderson, and Hakeem Shakoor, to support their position that the plaintiffs were excited about owning a home and were distressed when it burned. The plaintiffs, however, do not provide transcripts or affidavits of these witnesses. Even if the witnesses' transcripts or affidavits were produced, these statements regarding home ownership or distress do not provide substantiation of the defendant's alleged dishonest motive or sinister purpose. The plaintiffs also refer to Anthony Debiase to support their claim that Mr. Lawson, the defendant's investigator, allegedly made racial comments and that, therefore, their claim was denied due to the plaintiffs' race. However, the plaintiffs have not provided any admissible evidence such as transcripts or affidavits to support these allegations. The defendant, in good faith, provided the plaintiffs a lengthy explanation for the denial of the claim and it had a reasonable basis to do so.

The plaintiffs also claim that the defendant failed to pursue leads provided by the plaintiff and that the defendant strung out its investigation. In support of this claim, the plaintiffs reference their own responses to the defendant's interrogatories, dated August 5, 2003. However, these responses are not signed by the plaintiffs and they are not under oath. Not only do the plaintiffs' responses fail to comply with the Federal Rules of Civil Procedure 56 and Local Rule 56(a)(3), but the plaintiffs are barred by the order of the Court (see ruling on Defendant's Motion to Dismiss Docket No. 59) from using those responses or similar evidence at trial. There is, therefore, no substantiation for the claim that the defendant failed in its investigation of the plaintiffs' claim.

Law Offices of SKELLEY ROTTNER P.C. □ P.O. Box 340890, Hartford, CT 06134-0890 □ Phone: (860) 561-7077 Fax: (860) 561-7088
Juris No. 58693

The plaintiffs argue that the defendant's denial letter is ipso facto evidence that the defendant acted in bad faith. The plaintiffs misstate the law on this issue because the mere refusal of an insurance company to pay a claim is not actionable under a theory of bad faith. McCauley Enterprsies v. New Hampshire Ins. Co., 716 F. Supp. 718, 722-723 (D. Conn. 1989). Bergen v. The Standard Fire Ins. Co., 1997 LEXIS 3494 at *42 (Conn. Super. December 31, 1997). Moreover, the defendant had a statutory obligation to inform the plaintiffs of the reasons for the denial of the claim. Connecticut General Statute § 38a-816(6)(n) states:

> (6) Unfair claim settlement practices. Committing or performing with such frequency as to indicate a general business practice any of the following:
> * * *
> (n) failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

To sustain a bad faith claim the plaintiffs must provide evidence of the defendant's dishonest purpose or sinister motive. Alexandru v. Strong, 81 Conn. App. 68, 81, 837 A.2d 875 (2004). The plaintiffs have failed to provide such evidence as required under Local Rule 56(a)3, therefore, the plaintiffs do not have a bad faith claim against the defendant and the defendant's summary judgment motion should be granted as to the claim of bad faith, Count Three.

### 3) The Plaintiffs Provide No Evidence of a General Business Practice to Support Their a CUIPA Claim. *See page 22.*

The plaintiffs provide no admissible evidence, such as affidavits or other admissible transcripts, in support of their CUIPA claim. The law in Connecticut is well settled that in

order to support a CUIPA claim the plaintiffs must allege a general business practice that is more than single act of insurance misconduct. <u>Mead v. Burns</u>, 199 Conn. 651, 659, 509 A.2d 11 (1986). The plaintiffs in their brief refer to their public adjuster, Wesley Robinson, to support the claims of a CUIPA violation. See Exhibit V in plaintiffs' reply to defendant's Motion for Summary Judgment. However, a review of the transcript testimony of Mr. Robinson reveals that Mr. Robinson only testified as to the conduct of the defendant in the present case. Mr. Robinson did not testify as to any general business practice of the defendant. In <u>Lees v. Middlesex Ins. Co.</u>, 229 Conn. 842, 850, 643 A.2d 1282 (1994), the Connecticut Supreme Court held that multiple acts in one claim does not satisfy the general business practice requirement of <u>Mead v. Burns</u>, 199 Conn. at 659. The plaintiffs, therefore, have failed to provide any evidentiary support of a general business practice under CUIPA. The plaintiffs fail to meet the evidentiary requirements of Local Rule 56(a)3. Therefore, the defendant respectfully requests that the Court grant summary judgment as to Count Four.

    **4) The Plaintiffs Cannot Provide Evidentiary Support For a CUTPA Claim.** *See page 24.*

    In the defendant's Motion for Summary Judgment the defendant asserts that a CUTPA claim cannot be brought without a viable CUIPA claim and because the plaintiffs did not bring a viable CUIPA claim, the plaintiffs' CUTPA claim is insufficient as a matter of law. The plaintiffs reply to the defendant's assertions by discussing whether the defendant should have filed a motion to strike versus a motion for summary judgment. The plaintiffs also contend that they can bring a CUTPA claim without a viable CUIPA claim. Regardless of whether or not

Law Offices of SKELLEY ROTTNER P.C. □ P.O. Box 340890, Hartford, CT 06134-0890 □ Phone: (860) 561-7077 Fax: (860) 561-7088
Juris No. 58693

the plaintiffs arguments are legally correct, the fact remains that the Connecticut Supreme Court has held that in order to prevail against an insurance carrier based on CUTPA, the plaintiffs must prove that the offending conduct constituted a general business practice of the insurer Mead v. Burns, 199 Conn. at 666.  AS explained in the preceding section, the plaintiffs have offered no admissible evidence to support a claim that any conduct of the defendant constituted a general business practice.

The plaintiffs refer to two Colonial Penn Insurance Company cases as indicative of the defendant's wrongfully refusing to pay for homeowner losses.  However, the cases of McGeouch v. Colonial Penn Ins. 1994 WL 260684 (D.N.H. April 7, 1994) and Eveleno v. Colonial Penn Ins. Co., 188 Misc. 2d 454, 728 N.Y.S.2d 907 (N.Y. Civ. Ct 2001) do not support misconduct as a general business practice by the defendant because they are simply cases and not evidentiary facts supporting the plaintffs' claim.  Furthermore, they are out-of-state cases, and are not even factually applicable to the present case involving an incendiary fire and misrepresentations by the plaintiffs.  The McGeouch case involved a conflict between the insurer and the insured as to whether smoke from a furnace damaged the contents of the plaintiff's residence and the Eveleno case involved the insurer not following the timeframes required by a New York statute.

The plaintiffs also reference an article that appeared in Business Wire on October 21, 1993 regarding Colonial Penn Insurance complaints in California as supportive of their claim.  This article is hearsay under the Federal Rules of Evidence 802(c).  As hearsay, the article is clearly inadmissible as evidence.  Further, the article is not supportive evidence of misconduct as a general business practice by the insurer in Connecticut.

Finally, the plaintiffs ask the court to consider the broad and remedial purposes of CUTPA. The Connecticut Supreme Court has, however, made it abundantly clear that in the context of insurance a CUTPA claim simply cannot be established without proof that a violation constituted a business practice of the insurer. Mead v. Burns, 199 Conn. at 663-666. Therefore, the plaintiffs have not offered sufficient evidence to support a CUTPA claim and the defendant respectfully requests that the Court grant its Motion for Summary Judgment as to Count Five.

### 5) The Plaintiffs Provide No Evidence That The Defendant Made Intentional or Negligent Misrepresentations. *See page 26.*

The plaintiffs argue, in support of their claims for intentional and negligent misrepresentation, that Federal Rules of Civil Procedure (FRCP) 8(a)(2) requires only a short and plain statement. The United Stated Supreme Court and a Connecticut District Court have found that compliance with FRCP 8(a)(2) is simply not sufficient for a pleading of fraud or mistake. Chamberlan Mach Works v. U.S., 270 U.S. 347, 349, 46 S.CT 225 (1926) (finding that fraud must be pled with definitiveness and reasonable certainty). Goudis v. American Currency Trading Corp., 233 F.Supp.2d 330, 333 (D.Conn. 2002) (finding that plaintiffs must specify the time, place, speaker, and the substance of the alleged misrepresentation). Further, FRCP 9(b) requires that all allegations must be plead with specificity. The plaintiffs, therefore, cannot plead in generalities with conclusory statements.

The plaintiffs, with respect to producing sufficient evidence of support for their claims of misrepresentation, rely on the plaintiffs' EUO, Exhibit Y in the plaintiffs' brief. However, there are hundreds of pages of EUO transcript making it very unclear as to the basis of the

plaintiffs' conclusory statements that the defendant would honor the plaintiffs' losses. Furthermore, at the early stages of the investigation, the plaintiffs' were advised that coverage was an7 issue. Correspondence, dated October 4, 2000, by Attorney Rottner on behalf of the defendant specifically advised the plaintiffs that "the insurance company is not at this time accepting or denying the claim but is continuing its investigation into the loss, the cause of the loss and the claim that has been made." See Exhibit A for a copy of Attorney Rottner's letter.

The plaintiffs also claim that the defendant would honor the policy as to losses suffered on August 2, 2000. Their claims is not only unsubstantiated by admissible evidence but is contrary to Ms. Gore's testimony at her EUO. Ms. Gore admitted in her EUO that when she completed her application of insurance on July 31, 2000, she knew she did not have insurance and she did not know when the company was going to issue the policy. See Exhibit C for EUO testimony of Ms. Gore, pages 130 to 133.

The plaintiffs also claim that the defendant's agent, "Tony," and the defendant's investigators, Lawson and Guzik, stated that the plaintiffs' claim would be paid. The plaintiffs, however, offer no admissible evidence of these statements. They have not even provided their own affidavits nor have they provided transcripts or affidavits of others. Without any evidentiary support, the plaintiffs' allegation that the defendant made intentional or negligent misrepresentations cannot stand. Failure to meet the evidentiary requirements of Local Rule 56(a)3 entitles the defendant to summary judgment on this claim and the defendant respectfully request that the Court grant its Motion for Summary Judgment as to Counts Six and Seven.

14

6)  **The Plaintiffs Provide No Evidentiary Support That The Defendant Defamed
    The Plaintiffs.** *See page 28.*

The defendant agrees with the plaintiffs that publication to a third party is a necessary

element of defamation. The plaintiffs, however, provide no admissible evidentiary support that

the defendant published any communications regarding the plaintiffs to a third party. The

plaintiffs claim that defamatory statements were made by Mr. Lawson, the defendant's

investigator, and that said statements were allegedly overheard by Anthony DeBiase. However,

the plaintiffs have provided no affidavit or transcripts of any testimony under oath to support

their claims. Without admissible evidence the plaintiffs cannot satisfy the element of

publication to prove defamation.

The plaintiffs also provide a legal discussion of intra-corporate communications

concerning the defamation of employees. The cases cited, however, are not applicable because

the plaintiffs are not employees of the defendant nor in the present case is there any evidence of

intra-corporate communications regarding the defamation of an employee. Local Rule 56(a)3

requires the plaintiffs to substantiate their claims with affidavits or evidence that would be

admissible at trial. Without such evidentiary support there is no issue of material fact as to this

claim and the defendant respectfully requests the Court grant its Motion for Summary

Judgment as to Count Eight.

7)  **The Plaintiffs Have No Evidence That The Defendant's Conduct was Extreme
    or Outrageous.** *See page 29.*

The plaintiffs did not provide the necessary evidentiary substantiation to prove the

elements of their claim for emotional distress. As the plaintiffs point out, it is their burden to

establish the alleged violative conduct of the defendant. Instead the plaintiffs simply allege that they suffered from illnesses, low income, and that their children had special needs and that the defendant's had knowledge of this information. Such allegations are not evidence. In Bergen v. The Standard Fire Ins. Co., 1997 LEXIS 3494 at *34-35 (Conn. Super. December 31, 1997) (also an arson case) an insured homeowner suffered from a heart condition and an emotional disorder and claimed intentional infliction of emotional harm against the insurer. Similar to the present case, the insured in Bergen submitted no exhibits or affidavits supporting their claim and merely made conclusory statements based on the insured's health. Id. at *38-39. Regarding the insured's claim for emotional distress, the Bergen court noted that:

> The presence therefore of an alleged adverse claim is not
> sufficient to defeat a motion for summary judgment. A party
> must substantiate his (or her) adverse claim by specifically
> showing that there is a genuine issue of material fact together
> with the evidence disclosing the existence of such an issue."

Id. at *33 (quoting Farrell v. Farrell, 182 Conn. 34, 39, 438 A.2d 415 (1980).

The Bergen court granted the insurer's motion for summary judgment on the count concluding that the insured cannot "merely state the case is too complicated for treatment by way of summary judgment" nor can the insured not present evidence to support its claim of intentional infliction of emotional distress. Id. at *40. See also Anderson v. Liberty Lobby Inc., 477 U.S. 242, 257, 106 S.Ct. 2505 (1986) (finding that to avoid summary judgment, the non-moving party must present sufficient evidence for a jury to return a verdict in its favor and the evidence cannot be merely colorable); First Nat'l Bank v. Cities Serv. Co. 391 U.S. 253, 289, 88 S.Ct. 1575 (1968) (concluding that a non-moving party cannot respond with mere allegations or denials). The plaintiffs' failure to substantiate their claims with affidavits or other admissible evidence entitles the defendant to summary judgment as a matter of law.

16

In addition to the plaintiffs' discussion of their health, their financial condition, and their children, the plaintiffs discuss the 10 month investigation by the defendant. They claim unfair treatment by the defendant and refer to a discussion between Ms. Gore and her pastor, and again the plaintiffs refer to Anthony DeBiase. This appears to be a resurrection of the earlier bad faith claim because these claims have not been linked to the emotional distress claim in any manner and are simply statements. "[A]n insurer does have a right to fairly dispute a claim made under the policy." <u>Bergen</u>, 1997 LEXIS 3494 at *42 (quoting <u>McCauley Enterprsies v. New Hampshire Ins. Co.</u>, 716 F. Supp. 718, 722-723 (D. Conn. 1989)). Further, the plaintiffs' many allegations are not supported by affidavits or transcripts of testimony under oath that would be admissible at trial. Therefore, the plaintiffs have failed to meet their burden of providing admissible evidentiary substantiation of the claims.

The plaintiffs also claim that the defendant's investigation and the letter that denied their claim based on alleged intentional acts of arson by or at the direction of the plaintiffs, was extreme and outrageous. However, the plaintiffs have not supplied any affidavits or transcripts of testimony under oath or any documentary evidence in support of their claims. Moreover, the defendant had a statutory obligation to inform the plaintiffs of the reasons for the denial of the claim. Connecticut General Statute § 38a-816(6)(n). In addition to a statutory obligation, where there is a claim for coverage under a policy of insurance and the insurer has evidence of an incendiary fire, the insurer:

> has an obligation to its shareholders to vigorously pursue such a claim and a right to do so; there is even a strong public interest in such activity by insurance companies so that rates for hardworking, honest policyholders be kept low as a result of sifting out of fraudulent claims.

<u>Bergen</u>, 1997 LEXIS 3494 at *35.

The plaintiffs cannot, without any other admissible evidence recover on a claim of intentional infliction of emotional distress simply based on the denial letter the defendant was required to send.  The plaintiffs, therefore, have failed to meet the evidentiary requirements of Local Rule Rule 56(a)3 in their claim for emotional distress, and the defendant respectfully requests that the Court grant the defendant's Motion for Summary Judgment as to Count Nine.

## CONCLUSION

The plaintiffs have failed to provide specific evidentiary support for their claims as required by Local Rule 56(a)3.   "[F]ailure to provide specific citations to evidence in the record as required by this Local Rule [56(a)3] may result in sanctions, including, . . . when the opponent fails to comply, an order granting the motion [for summary judgment]."  Local Rule 56(a)3.  Absent any admissible evidence from the plaintiffs, the Court may accept the defendant's statements of facts as admitted, strike the opposing party's responses and other unsubstantiated claims of facts, and grant the defendant's Motion for Summary Judgment.  Due to the plaintiffs' failure to produce admissible evidence in support of their claims, there are no genuine issues of material fact and the defendant is entitled to summary judgment as a matter of law.

DEFENDANT, COLONIAL PENN INSURANCE CO.

By_____
Joel J. Rottner
Skelley Rottner P.C.
P.O. Box 34089
Hartford, Connecticut 06134-0890
(860) 561-7077
Fed. Bar # ct05612

## CERTIFICATION

I hereby certify that a copy of the foregoing notice was mailed to counsel of record on June 16, 2004 as follows:

Caleb M. Pilgrim, Esquire
Law Offices of Attorney Caleb M. Pilgrim
1404 Whalley Avenue
New Haven, CT  06515

Joel J. Rottner

SR\221583

Law Offices of SKELLEY ROTTNER P.C. □ P.O. Box 340890, Hartford, CT 06134-0890 □ Phone: (860) 561-7077 Fax: (860) 561-7088
Juris No. 58893