# EXHIBIT A

**SKELLEY ROTTNER** P.C.

Law Offices
Corporate Center West
Suite 305
433 South Main Street
West Hartford, CT 06110

Reply to:
P.O. Box 340890
Hartford, CT 06134-0890
Phone: (860) 561-7077
Fax: 860-561-7088

Joseph F. Skelley, Jr.
1927-1998

James J. Geanuracos
Matthew Dallas Gordon
Pamela M. Hayes
Krista J. Haget
Susan J. Miller
Laura Ondrush
Joel J. Rottner
Carl F. Meyer
Lou Sim
Susan E. Market

October 4, 2000

**CERTIFIED MAIL and
REGULAR MAIL**

Mr. Earl Craig
P.O. Box 1092
Bridgeport, CT 06601

Re:  Insureds:      Mary Gore and Earl Craig
     Claim No.:     N00248142
     Policy No.:    614042180
     Date of Loss:  8/4/00
     Our File No.:  JJR/4195-00001

Dear Mr. Craig:

Please be advised that this office represents the Colonial Penn Insurance Company in connection with the claim and policy of insurance mentioned above. As you know, the insurance company is not at this time accepting or denying the claim but is continuing its investigation into the loss, the cause of the loss and the claim that has been made.

The insurance company, in its effort to make a thorough examination of any possible claim and to give you an opportunity to provide any and all information that will help support any claim, has elected to exercise its right, pursuant to the terms and conditions of the contract of insurance, to take your Examination Under Oath. We have made arrangements with a certified court reporter to record and transcribe the Examination Under Oath. Your Examination Under Oath is scheduled to commence at **10:00 a.m.** on **Monday, December 4, 2000** at our offices located at **Corporate Center West, 433 South Main Street, Suite 305, West Hartford, Connecticut.**

We are sending this letter both certified mail, return receipt requested and regular mail to be certain that you receive notice. If there is some legitimate reason why it is not possible for you to appear for your Examination Under Oath at the time and place designated, please advise the undersigned immediately and we will attempt to find another time to take this statement. The insurance company would like to avoid unnecessary delays, however, and we urge that every effort be made to attend. The Examination Under Oath will probably take several hours and you should plan accordingly. Any lack of cooperation or the unexplained failure to appear for the Examination Under Oath may be treated by the insurance company as an intentional breach of the contract and a forfeiture of whatever rights you may otherwise have; and, may result in a denial of your claim by the insurance company.



DEPOSITION EXHIBIT
1
12-4-00

MR. EARL CRAIG
OCTOBER 4, 2000
PAGE 2

Following the Examination Under Oath, we will have the court reporter provide you with a free copy of the transcript. You will be asked to read the transcript and you will be given an opportunity to make any corrections which are necessary. You will then be asked to sign the transcript. After the insurance company has reviewed your signed transcript and gathered the information made available in the Examination Under Oath procedure, and studied the documents produced, the insurance company will make a decision as to whether this claim will be paid or denied.

You should bring with you any and all documents or written material of any kind or nature which you believe will in any way help support your claim, as this is your opportunity to put your best foot forward in presenting your claim to the insurance company. Among the written materials you feel may support the claim, be sure to bring with you to the Examination Under Oath the following documents to the extent they exist and have not already been produced. It is essential in order to complete the investigation that the documents requested be produced. If at the commencement of the Examination Under Oath the documents requested are not produced, and if there is no explanation for the failure to produce the documents, the failure to produce the documents may be a basis for the insurance company to deny your claim or the insurance carrier may request a continuation of the Examination Under Oath to a new date to allow for the production of said documents.

We urge you to provide as much of the requested documentation as soon as possible. Waiting until the Examination Under Oath to produce the documents will almost always lengthen the process and may result in the request for a continuation of the Examination Under Oath to a later date. In particular, we urge you to provide any authorizations which have been requested well in advance since it is reasonable to assume that once the documentation requested, pursuant to the authorization is received, further questions will arise. We will make every effort to obtain the authorized material prior to the date of the scheduled Examination Under Oath.

Please bring with you to the Examination Under Oath the originals of the following requested documents:

1.   The original of the insurance policy or documents under which claim is being made, or any other contract of insurance or insurance documents, which you contend may help provide coverage for the loss of property.

2.   Any records or documents which are evidence of any and all assets owned by you or your spouse, including but not limited to bank accounts, money market accounts, statements of accounts with stockbrokers, any and all records of ownership of stocks and bonds, records pertaining to the ownership of any real

MR. EARL CRAIG
OCTOBER 4, 2000
PAGE 3

property, any records pertaining to the ownership of any valuable personal property, including but not limited to valuable jewelry, antiques, and art work.

3. Copies of any correspondence or written materials of any kind dealing with any efforts by you and/or your spouse to borrow money within the 12 months immediately before the loss and up to the date of this Examination Under Oath, including but not limited to any loan applications or similar documents.

4. Copies of all loan applications and appraisals or any other supporting documents pertaining to any efforts made by you or your spouse for the period of 12 months prior to the date of loss to the present time.

5. The personal income tax returns and W-2 forms for yourself and your spouse for the year 1999.

6. Any and all checkbook registers, canceled checks, bank statements and/or passbooks for any and all bank accounts in your name and/or your spouses name for the period 24 months immediately preceding the date of loss to the date of the Examination Under Oath.

7. Copies of store charge account and credit card statements for the period 24 months preceding the loss up to the date of the Examination Under Oath for you, your spouse, any closely held corporations wherein you or your spouse own stock; or any partnership or sole proprietorships wherein you or your spouse are the sole proprietor or a partner, including but not limited to Mastercard, Visa, American Express, Diners Club, revolving store credit cards, and, gasoline credit cards.

8. Any and all cellular phone bills for cellular phones which you own or for which you have the use of for the period of 7/1/00 to 9/30/00.

9. Produce all electric, oil, gas, water and sewer bills for the premises known as 90-92 Miles Street and/or 92 Miles Street, Bridgeport, Connecticut pertaining to all periods of time for which you owned or occupied the premises.

10. Produce the original deed(s) to premises known as 90-92 Miles Street, or 92 Miles Street, Bridgeport, Connecticut.

11. Produce your social security card.

12. Produce your driver's license.

MR. EARL CRAIG
OCTOBER 4, 2000
PAGE 4

     13.    Produce all electric, oil, gas, water and sewer bills for any premises occupied by you or for any location wherein you resided for the period 24 months prior to the date of loss.

     14.    Produce the registration certificate for all motor vehicles owned by you for the period 12 months prior to the loss and to the date of this Examination Under Oath.

     By providing the above-requested documentation to the undersigned sufficiently in advance to allow for review prior to your Examination Under Oath, the time requested to complete the Examination Under Oath will in all probability be substantially reduced. In the event, if any of the foregoing documentation is not in your possession but is available to you from another source (such as bank records and cancelled checks), we would request that you notify us as we may wish to ask that you obtain said records from the source. In the event that there is any charge for said records, the insurance company will reimburse you for any charges which are made by the provider of the records.

     We look forward to seeing you on December 4, 2000. After the Examination Under Oath has been completed, Colonial Penn Insurance Company can give further consideration to your request for payment. In the meantime, the Colonial Penn Insurance Company respectfully continues to require full and complete compliance with all of the terms and conditions of the insurance contract and continues to reserve any and all rights and defenses which may now exist or which may arise in the future. No waiver or estoppel of any kind is intended nor should any be inferred.

     Very truly yours,

     Joel J. Rottner

JJR:kcl/SR/162333
Enclosure – IRS Authorization
cc:
Mr. Tim Lawson
SIU Investigator
Colonial Penn Insurance Company
P.O. Box 117
Taftville, CT 06380
cc:
Mr. Michael White
Claims Examiner
Colonial Penn Insurance Company
P.O. Box 8110
Fort Washington, PA 19034-8110

```
 1              EXAMINATION UNDER OATH OF

 2                        MARY GORE

 3                    DECEMBER 4, 2000

 4

 5

 6

 7

 8   A P P E A R A N C E S :

 9        SKELLEY ROTTNER P.C.
             433 South Main Street
10           West Hartford, Connecticut   06110
             BY:  JOEL J. ROTTNER, ESQ.
11
          THE LAW OFFICES OF CALEB M. PILGRIM, LLC
12           P.O. Box 3649
             New Haven, Connecticut   06515
13           BY:  CALEB M. PILGRIM, ESQ.

14   A L S O    P R E S E N T :

15        Tim Lawson, Investigator
            Colonial Penn
16        Robert R. Nattrass, Certified Fire Investigator
            Acacia Investigations
17

18

19

20

21
                 SULLIVAN & ASSOCIATES, LLC
22              Certified Shorthand Reporters
                       2 Lindsay Lane
23             Broad Brook, Connecticut   06016
                       (860) 871-7574
24                  Jana F. Ahrens, C.S.R.

25
```



```
     attachment with an IRS authorization.  Do you recall having
     that as well, the IRS authorization?
          A    No.  Mine didn't have one.
          Q    Yours didn't have an IRS authorization?
          A    No.  It had this here, this here.
          Q    How many did you get?
          A    I got this one that was certified.
          Q    How about the uncertified one?
          A    I got it.
          Q    So you got two copies of the same letter, right?
          A    Yeah.
          Q    And are you telling me that neither one of them
     had the IRS authorization attached to it?
          A    I didn't open one of them.  I opened the certified
     one.
          Q    So what did you do with the other one?
          A    It's home in my box.
          Q    Why don't you get it for us unopened if you would,
     please, and send it to us, have your lawyer send it to us,
     okay?
          A    If I can find it.
               MR. ROTTNER:  Thank you.  And let's mark as
          Exhibit A my copy of the letter to Mary Gore with
          the certified return receipt attached.
               MR. PILGRIM:  Let me just clear it up.  This
```

1   let's go back and take a minute and mark this as
2   an exhibit. Whatever documents that you provide
3   me with, I'm going to mark the originals and I'm
4   going to return the originals to you.
5          MR. PILGRIM:  Fine.
6          MR. ROTTNER:  And in so doing I would ask
7   either that you make copies for me --
8          MR. PILGRIM:  Excellent.
9          MR. ROTTNER:  -- or that I make copies and
10  return the originals to you and you can decide how
11  you want to do that.
12         MR. PILGRIM:  That's fine.
13         MR. ROTTNER:  What I was presented with
14  was the original of my October 4th letter to
15  Mr. Craig, it contains four pages unstapled which
16  I am stapling together, and let's mark this as
17  Exhibit 1.
18         (Exhibit 1:  Marked for ID.)
19  BY MR. ROTTNER:
20     Q    Let me show you Exhibit 1, Ms. Gore, have you seen
21  that one or the original that came to you before there was
22  one addressed to you as well?
23     A    Yes.
24     Q    And this Exhibit 1 came to me, was presented here
25  this morning I should say is unstapled. There was an